RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7 / 28 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JONICA HAAMID PHILLIPS            DOCKET NO. 11-CV-324; SEC. P
LA. DOC. #429550

VERSUS                            JUDGE DEE D. DRELL

TOMMY GLOVER                      MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed by pro se plaintiff Jonica Haamid Phillips on February 24, 2011. An amended complaint was also filed, pursuant to court order. Plaintiff's motion to proceed in forma pauperis was granted on March 28, 2011.  Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is currently incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana.  In this suit, Plaintiff names Tommy Glover as the defendant.  Plaintiff complains that his due process rights were violated with regard to a disciplinary hearing.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and a standing order of the court.

### *Statement of the Case*

Plaintiff received a disciplinary report on January 14, 2011 for an aggravated sex offense. [Doc. #8]  He states that he was sentenced to ten days of isolation/segregation as well as ninety days in the "working cell block."  He lost no good time as a

result of the conviction. Plaintiff claims that Chief Tommy Glover denied him of due process by not calling witnesses "whose testimony would have changed the outcome of the hearing."

### Law and Analysis

Since the Supreme Court's decision in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), the ambit of a prisoner's potential Fourteenth Amendment due process liberty claims has been dramatically narrowed. As a result, a prisoner has a liberty interest only in "freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the <u>duration</u> of confinement. <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir.1995)(quoting <u>Sandin v. Conner</u>, 515 U.S. 472 (1995)). Plaintiff has admits that he lost no good time as a result of his disciplinary conviction.

Plaintiff received only ten days of isolation and then ninety days in the "working cell block." In <u>Sandin v. Conner</u>, the Court held that Conner's confinement in segregation for thirty days "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." <u>Sandin</u> at 486. Although the action taken by the prison officials was punitive, it did not "present a dramatic departure from the basic conditions of Conner's indeterminate sentence." <u>Id.</u>

In this case, Plaintiff's ten days of isolation and assignment

2

to a working cell block also fall within the expected parameters of his sentence and do not present the type of atypical, significant deprivation addressed in Sandin.  See Clarke v. Stalder, 103 F.3d 126 (5th Cir. 1996)(unpublished)(citing Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995)("prison classification and eligibility for rehabilitation programs are not directly subject to 'due process' protections"); see also Samford v. Staples, 249 Fed.Appx. 1001 (5th Cir. 2007)(Disciplinary sanctions of curtailed recreation and commissary privileges, assignment of extra duty, temporary solitary confinement, and a reduction in his classification status did not represent atypical or significant hardships and did not infringe upon a constitutionally protected liberty interest).

Plaintiff's ten days of isolation and 90 days in the working cell block do not represent atypical or significant hardships and do not infringe upon a constitutionally protected liberty interest. The disciplinary hearings that resulted in those sanctions did not implicate the Due Process Clause.

### *Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED AND DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation

have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of July, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE